AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

FILED
DEC 2 3 2014
CLERK'S OFFICE
DETROIT

United States of America )
v. )
__Alvin Buckley_____ )  Case No. *14-30634*
_____Defendant_____ )
)

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

(1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in:
_____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:
  ☐ a minor victim
  ☐ the possession or use of a firearm or destructive device or any other dangerous weapon
  ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum prison term of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 1 of 2

AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.

☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

See attached.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: December 23, 2014

_____
Judge's Signature

Elizabeth A. Stafford, U.S. Magistrate Judge
*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

## United States v. Alvin Buckley
## 14-30634

The Court finds by clear and convincing evidence that there are no conditions or combination of conditions that would reasonable assure the safety of the public if Defendant Alvin Buckley were to be released. According to the complaint, Detroit Police Officers executed a search warrant at Buckley's house on Avon Avenue in Detroit after a stolen 2014 Dodge Charger was tracked to that location. During the search, officers found the stolen Charger, a dashboard from a 2014 stolen Jeep Cherokee, and ten firearms. Six of the firearms were found in Buckley's bedroom, and he admitted to possessing them in a written statement.

Buckley also admitted to doing "insurance jobs" at the Avon Avenue, suggesting that owners of vehicles wanted them to be "stolen" in order to collect insurance money. However, the complaint indicates that a tow truck driver who was associated with a car rental company flagged down a Detroit Police officer to report the stolen Charger, and informed the officer that he used a "Lojack" to track the Charger to the Avon Avenue house.

Thus, the evidence suggests that the Avon Avenue address was being used as a chop shop for stolen vehicles. Importantly, Buckley told an interviewing pretrial services officer that he planned to return to the Avon

Avenue house if he were to be released. He would live there with his brother, Masud McClure, whose residency at the address suggests that he was either complicit or knew about the criminal activity that was taking place at the house. Buckley had no other verified family ties.

Of further concern, Buckley's alleged possession of multiple firearms and operation of a chop shop took place while he was serving a term of probation. He was convicted of attending an animal fight on December 8, 2011, and was sentenced to 30 days in jail, 36 months of probation, fines, costs and restitution. Subsequently, Buckley violated multiple terms of his probation, and ultimately failed to turn himself in to 38th District Court when instructed to do so. He has been classified as an absconder since August 16, 2012, and the Michigan Department of Corrections did not know his current residence.

The Court agrees with Buckley that his criminal history is relatively minor and he has no known history of violence. However, his possession of six firearms is troubling, especially given the fact that he was on probation, and the Court must consider the danger of further illegal activity even if the likely illegal activity is not violent in nature. *United States v. Stone*, 608 F.3d 939, 948 n. 7 (6th Cir. 2010). Under the circumstances presented here, the Court finds by clear and convincing evidence that there

are no conditions or combination of conditions that would reasonable assure the safety of the public if Buckley were released to live with his brother at the Avon Avenue address.

Moreover, because Buckley was an absconder from probation for over two years, the Court finds by a preponderance of evidence that there is a serious risk that he will not appear as directed if released on bond.